1
2
3
4
5
6
7
8
9

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10   ROY HIROSHI NAKASHIMA,                    No. C 07-0313 WHA (PR)

11                        Petitioner,          **ORDER TO SHOW CAUSE**

12        v.

13   B. CURRY, Warden,

14                        Respondent.
                                          /
15

16        Petitioner, a California prisoner currently incarcerated at the Correctional Training

17   Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.

18   § 2254.  He has paid the filing fee.

19        The petition attacks denial of parole, so venue is proper in this district, which is where

20   petitioner is confined.  *See* 28 U.S.C. § 2241(d) (venue proper in both district of conviction and

21   district of confinement).

22                                      **DISCUSSION**

23   *A.  Standard of Review*

24        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

25   custody pursuant to the judgment of a State court only on the ground that he is in custody in

26   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose*

27   *v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order

28   directing the respondent to show cause why the writ should not be granted, unless it appears

**United States District Court**
For the Northern District of California

1    from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §

2    2243. Habeas corpus petitions must meet heightened pleading requirements. *McFarland v.*

3    *Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a

4    prisoner who is in state custody pursuant to a judgment of a state court must "specify all the

5    grounds for relief which are available to the petitioner ... and shall set forth in summary form

6    the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing §

7    2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is

8    expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory

9    Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas

10   petitions which appear on their face to be legally insufficient are subject to summary dismissal."

11   *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996)

12   (Schroeder, J., concurring).

13   *B. Legal Claims*

14        Petitioner pled nolo contendere to a charge of second degree murder in 1988. He

15   received a sentence of fifteen years to life in prison. He alleges that he has exhausted these

16   parole claims by way of state habeas petitions.

17        As grounds for federal habeas relief, petitioner asserts that: (1) his due process rights

18   were denied when the Board denied parole based on the long-ago circumstances of his crime

19   and without "some evidence" to support the denial; (2) the denial of parole was a breach of his

20   plea bargain; and (3) the parole statutes are unconstitutionally vague in application.

21        These claims are sufficient to require a response. *See Biggs v. Terhune*, 334 F.3d 910,

22   916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging

23   characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d 895, 904

24   (9th Cir. 2002) (due process requires that at least "some evidence" support parole denial).

                              **CONCLUSION**

26        1. Because he has paid the filing fee, petitioner's motion for leave to proceed in forma

27   pauperis (document number 2 on the docket) is **DENIED** as moot.

28        2. The clerk shall mail a copy of this order and the petition with all attachments to the

**United States District Court**

For the Northern District of California

1  respondent and the respondent's attorney, the Attorney General of the State of California.  The

2  clerk shall also serve a copy of this order on the petitioner.

3      3.  Respondent shall file with the court and serve on petitioner, within sixty days of the

4  issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

5  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

6  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

7  trial record that have been transcribed previously and that are relevant to a determination of the

8  issues presented by the petition.

9      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

10  court and serving it on respondent within thirty days of his receipt of the answer.

11      4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

12  as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a

13  motion, petitioner shall file with the court and serve on respondent an opposition or statement of

14  non-opposition within thirty days of receipt of the motion, and respondent shall file with the

15  court and serve on petitioner a reply within 15 days of receipt of any opposition.

16      5.  Petitioner is reminded that all communications with the court must be served on

17  respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be

18  filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also

19  must keep the court informed of any change of address by filing a separate paper with the clerk

20  headed "Notice of Change of Address," and comply with any orders of the court within the time

21  allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this

22  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez*

23  *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

24      **IT IS SO ORDERED.**

25

26  Dated:  August ___12___, 2007.

27                                                                    WILLIAM ALSUP

                                                                      UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\HC.07\nakashima313.osc.wpd