IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY HIROSHI NAKASHIMA, | No. C 07-0313 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| B. CURRY, Warden, | |
| Respondent. | |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

### STATEMENT

In 1988 petitioner pled guilty in Los Angeles County Superior Court to second degree murder. He received a sentence of fifteen years to life in prison. On February 28, 2005, after a hearing before the Board of Prison Terms ("Board"), during which petitioner was represented and was given an opportunity to be heard, the Board found petitioner unsuitable for parole (Exh. 4 at 56-61). The Board based its decision upon the callousness of the crime, his failure to take advantage of previous attempts to correct his illegal behavior, the triviality of the motive

for the killing, his failure to participate adequately in self-help programs, his receipt of serious rule violation report subsequent to the last parole hearing, and the lack of any parole plans (*ibid.*). He alleges that he has exhausted the claims he presents here by way of state habeas petitions.

## DISCUSSION

**A.  STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

///

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

In the order to show cause petitioner's issues were characterized as being that (1) his due process rights were denied when the Board denied parole based on the long-ago circumstances of his crime and without "some evidence" to support the denial; (2) the denial of parole was a breach of his plea bargain; and (3) the parole statutes are unconstitutionally vague in application. As discussed below, these issues may include other sub-issues.

Among other things, respondent contends that California prisoner have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

///

3

///

### 1. RESPONDENT'S CONTENTIONS

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

#### a. LIBERTY INTEREST

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions, *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the California parole statute does create a liberty interest protected by due process, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without merit.

#### b. DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

///

4

///

### 2. PETITIONER'S CLAIMS

Petitioner's first claim in his petition was that this Court should "correct" a factual error made by the superior court in denying his state habeas petition. This claim was not included in the order to show cause because it is not actually a claim for habeas relief, but petitioner appears to be correct that the superior court confused this case with some other, saying that petitioner "admitted to having driven the car during two gang related drive-by shootings which resulted in the deaths of two victims," (Exh. 7 at 2), when the Board described the crime, consistently with previous recitations, as having been involvement in the death of a drug-dealer by binding him in the such a way that any movement by the victim would cause asphyxiation (Exh. 4 at 13-19).

#### a. Breach of Plea Bargain

Petitioner's second claim is mostly that the Board's denial of parole was a breach of his plea bargain in that he is being treated as if he had been convicted of first-degree murder, not the second-degree murder to which he pled.

The plea bargain called for a sentence of fifteen years to life (Exh. 2 at 1 (probation officer's report), and that is what petitioner received (Exh. 1). Although plaintiff contends he is being punished as if he had pled to first-degree murder, he in fact is receiving the parole consideration to which his fifteen-to-life sentence entitles him. First degree murder is punishable by death, life without parole, or a term of twenty-five years to life. Cal. Penal Code § 190(a). If petitioner had been convicted of first-degree murder, he would not even yet have served his minimum sentence. This claim is without merit.[1]

---

[1] Although petitioner does not state it as a separate issue, he does refer in his discussion of the plea agreement issue to the Board having calculated the time he would have had to serve, had he been found suitable for parole, and having concluded that it would have been less time than he has already served. This is a reference to the "matrix" used to set parole terms for prisoners who have been found suitable for parole. Under state law the matrices come into play only after a prisoner has been found suitable for parole, *see In re Dannenberg*, 34 Cal. 4th 1069, 1071 (Cal. 2005), so petitioner did not have a due process right created by state law to have the Board apply the matrix, and of course there is no such direct federal right.

5

### b. "BIGGS CLAIM"

Although his second issue is mostly about his plea bargain, in the discussion of it he also refers to his record of rehabilitation, which may be an attempt to raise a "*Biggs* claim."

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled.[2] This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process. As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, — (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)).

Depending on whether the discussion of dictum in the dissent from denial of rehearing

---

[2] The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

United States District Court
For the Northern District of California

en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here, petitioner's first issue is a "*Biggs* claim," in that he contends that simply using the circumstances of his offense as grounds for denial for the second time violates due process, separate from his "some evidence" claim, discussed below.

Petitioner has failed to establish the predicate for his *Biggs* claim. His parole was not denied solely because of the circumstances of his offense, but also because of his failure to take advantage of previous attempts to correct his illegal behavior, the triviality of the motive for the killing, his failure to participate adequately in self-help programs, his receipt of a serious rule violation report subsequent to the last parole hearing, and the lack of any parole plans (Exh. 4 at 56-61).

And assuming for purposes of this discussion that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly denied on the basis of the facts of one's crime and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because as there is no clearly-established United States Supreme Court authority recognizing a "*Biggs* claim." The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

   **c. "Some Evidence" Claim**

It is also possible that petitioner is attempting to claim that the Board's decision was not supported by "some evidence.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

7

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In. re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

The exceptionally cruel nature of the offense (Exh 4 at 13-19), petitioner's receipt of a serious rule violation report for possession of razors blades and other contraband subsequent to the last parole hearing (*id.* at 26-28), and his failure to document availability of housing and employment if paroled (*id.* at 43-44), were sufficient to constitute "some evidence." This claim is without merit.

### d. Vagueness Claim

In his third issue petitioner contends that the California parole statute is unconstitutionally vague, so application of it to him violated his due process rights.

Petitioner's argument in this claim is very unclear. He does not make clear why he thinks that the purported fact that the parole board denies parole in almost all cases before it means that the statute is vague – the one does not necessarily imply the other, as a very specific statute might well lead to a very high percentage of denials. It may be, however, that what he is trying to say is that the command in Section 3041(a) of the California Penal Code that parole "normally" be granted and that prisoners' terms be set uniformly is rendered vague by the Board's practice. That is, the word "normally" must not have its usual English meaning, and thus be vague, because the Board does not normally grant parole. This contention, if that is what petitioner is trying to argue, is incorrect because the California Supreme Court has held that the portion of the statute to which he refers applies only *after* the Board has found that parole of a particular prisoner would not be dangerous to society, a requirement in Section 3031(b). *See In re Dannenberg*, 34 Cal. 4th 1061, 1082-83 (2005). That is, the absence of grants of parole does nothing to render the word "normally" vague, because the denials occur at a step before Section 3041(a) and its "normally" requirement kicks in.

This claim is without merit.

///

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October __13__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\nakashima313.RUL.wpd